Florinda **ROSARIO–LOPEZ** et al., Petitioners,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–74827.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2010.*

Filed Oct. 28, 2010.

Florinda Rosario–Lopez, Los Angeles, CA, pro se.

Iliana Marisol Ventura–Lopez, Los Angeles, CA, pro se.

Mayra Alejandra Ventura–Lopez, Los Angeles, CA, pro se.

Lindsay Brooke Glauner, Esquire, Trial, William Clark Minick, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

### MEMORANDUM **

Florinda Rosario–Lopez and her daughters, natives and citizens of Guatemala, petition pro se for review of a Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Hernandez–Montiel v. INS*, 225 F.3d 1084, 1090 (9th Cir.2000), and for substantial evidence factual findings, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny in part and grant in part the petition for review, and we remand.

We lack jurisdiction to consider whether the harm Rosario–Lopez suffered rises to the level of past persecution because this argument was not presented to the BIA. *See Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir.2009) (the court lacks jurisdiction to consider claims not exhausted administratively).

The BIA found Rosario–Lopez failed to establish a well-founded fear of future persecution on account of a protected ground and rejected her contention that she and her daughters were members of a particular social group of women in Guatemala. We recently held that the BIA's determination that a social group consisting of all women in Guatemala was not cognizable

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

conflicted with its own precedent and remanded the case for further proceedings. *Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir.2010). Accordingly, we grant Rosario–Lopez's petition for review with respect to her asylum and withholding of removal claims and remand to the BIA for further proceedings consistent with *Perdomo*. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Substantial evidence supports the BIA's denial of CAT relief because Rosario–Lopez failed to establish it is more likely than not she will be tortured by or with the acquiescence of the government of Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

**PETITION FOR REVIEW DENIED in part. GRANTED in part. REMANDED.**